Good morning, your honors, and may it please the court. My name is Bryden Dow, and I represent the plaintiff appellant, Matthew New. Almost 12 years ago, Mr. New applied for Social Security Disability Benefits. That was in April 2012. After two district court remands, in October 2021, the ALJ issued a partially favorable decision, granting benefits as of April 2012 for supplemental security income. This was based on his mental impairments. She denied his application for disability insurance. The only dispute in this matter concerns whether his disabling condition should have been found to exist 16 months earlier, prior to December 31, 2010, which is Mr. New's date last insured for Social Security Disability Insurance benefits. Dr. Michael Skovner, who has treated Mr. New since he was a child, a treating source statement in 2014 that preclude work. It was Dr. Skovner's opinion that the limitations he described were in existence prior to his date last insured. Dr. Skovner provided diagnosis of PTSD and social anxiety disorder. He also noted agoraphobia in the comments section. Mr. Dow, what was the basis for the, my understanding, you can correct me if I'm wrong, is that the doctor checked the box indicating that, but during the relevant period of 2008 to 2010, I believe your client had ten visits with the doctor and that the treatment notes didn't indicate anything about anxiety or depression and that's why the ALJ, I think, gave little weight to that opinion. So why is that, why was that incorrect? Why didn't the ALJ have the ability to do that? Because Mr. New, with his social phobia or anxiety, finds it difficult to leave the house and doesn't want to get treatment because he absolutely has to. But he did get treatment ten times, but not for any mental health issue, apparently, according to the notes. Yes, the doctor wasn't treating him for his, when he was going in for those visits, he wasn't going in for his social anxiety. He was going in for his cold and a few other things. Did he receive any treatment from anyone during that time period for the mental health issues? The mental health issues, the last note I have was in 2006, I believe. Right, so he did receive treatment in 2006, but when he was seeing a doctor in the hospital, there was no indication that he complained about that or received any treatment. So what would be the objective medical evidence to support that during, between 2008 and 2010, that he suffered from the anxiety and depression to the extent that he would be mentally impaired and disabled? What's the evidence in the record for that? The evidence in the record is basically his history. You don't see anything that he's in remission. No way to say my patient is in remission. He's resolved these issues with his social anxiety. And when you look at his history, anyone that's done an evaluation of him finds that he has had a long history of anxiety and social anxiety back down to childhood. And that hasn't gone away. The standard, as you know, Mr. Dow, is a reasonable fact finder would have to conclude that he was disabled as of that date. And the ALJ did have two doctors who concluded otherwise. I understand they didn't treat your client, but there was medical evidence to resolve those types of conflicts, right? Well, yes, but under the treating physician rule, that it has to be a controlling weight as long as it's well supported by medically acceptable clinical and laboratory diagnostic techniques and is not supported by it, it has to be not inconsistent with it. And a patient's history is an essential diagnostic tool and is considered a medically acceptable clinical diagnostic technique. And so there is no medical opinion that contradicts Dr. Skovner's opinion. All you have is the agency consultants who say there's no evidence to support a disability. Let me ask you about Ms. Bode. She started treating your client in 2014, which is three years after the But we don't know why she concluded that he had anxiety and depression during this period either, right? We don't have any reasoning as to why. Well, in psychologist Bode's treating source statement, she notes that he rates 10 on a scale of zero to 10 for numerous fears related to social phobia. But that's in 2014. Yes, he has a history of severe anxiety dating back to childhood. Again, that's what the court in, that's similar to what the court in Wagner found as a base for disability. In Wagner, the claimant had been found, not disabled in the original application, but then on a subsequent application three years later, he was found disabled. So, let me ask this. There is certainly some evidence in 2014 of mental health issues, and I suppose that that is some evidence that it had existed for a while. But is there any evidence about the severity of the disability, assuming there was a disability in the 2008 to 2010 time period? Again, you go back to his history, and he dropped out of high school in the 10th grade because of social anxiety. And, but, again, that is evidence of support as compared to evidence that is not inconsistent with. Could I ask what the practical effect is of the, because as you noted, it was a partially favorable decision. I mean, if he were to get the Title II benefits, that would be for, how does that work? I'm not sure how it works in terms of what he would get. Financially, he wouldn't get very much. I think it might be $8,000 or something, because he did get benefits for supplementary security income. But, the practical matter is with disability insurance, he is allowed to have assets. In supplementary security income, you are only allowed to have assets up to $2,000. Well, he just received his final distribution of, I think it was $48,000. And, on supplementary security income, he is going to have to spend that within a year or lose his disability for being over assets. If he is on disability insurance, then he would be able to feather that money out and use it to take care of his needs for a much longer period of time. And that is the primary reason I have been fighting for this for him for so long. All right. Thank you. Thank you, Mr. Dow. You have two minutes in rebuttal, and we will hear now from Ms. Gondi. Good morning. May it please the Court. My name is Avni Gondi. Substantial evidence supports the ALJ's finding that Mr. New did not have a severe mental impairment between April 2008 and December 2009. As this Court has acknowledged, during this brief period, Mr. New saw his primary care provider, Dr. Skobner, 10 times, but not one of those visits was for anxiety, depression, or other mental impairment symptoms. As you can see from pages 405 through 413 of the record, all of these visits with Dr. Skobner were for minor physical issues like congestion, stuffy nose, stomach ache, nausea, and knee pain. This evidence shows that... So there is evidence that he was treated earlier for mental health issues. There is evidence he was treated significantly after for mental health issues. There is his earlier history in terms of his background. Why isn't that evidence that he was disabled during the time period in question? Circumstantial evidence, perhaps. So, first, the evidence from 2006. They were infrequent visits to the ER, a couple for anxiety, one for substance abuse-related seizure. And at those visits, he was also abusing substances, so it wasn't entirely clear how much of that was because of the anxiety. But more importantly, after the 2006 visits, he worked. He worked until April 2008, April 20, 2008, and then that's when his alleged onset date is. From 2007 through 2010, there's no evidence of mental impairments. He continued to see Dr. Skobner in 2010, 2011, and 2012. And all of those visits were for back pain. Beginning in 2012, there is significant evidence of mental health treatment, and the ALJ found that he was disabled beginning in 2012. Can I just ask you about the Burgess factors? It's somewhat frustrating to me that notwithstanding how many times we have said that an ALJ should explicitly apply the Burgess factors, that the ALJ did not do that here. Why does that still happen? Why does an ALJ not follow what we've said over and over again? I understand the law says if there's substantial compliance in the ALJ, it's harmless because the ALJ considered the information they're supposed to consider under the Burgess factors, that we don't have to remand. But it's very frustrating. Do you have a response to that? I can't speak for every ALJ, but the ALJ in this case did consider the supportability of the opinion, the consistency of the opinion. How hard is it just to go through the factors one by one? Ideally, that would happen in every case. While the ALJ in this case didn't mechanically go through it, you can tell from the decision that she considered Dr. Scogner's treatment history with Mr. New. He considered that Dr. Scogner was treating Mr. New during the relevant period. He considered whether Dr. Scogner's treatment notes supported his opinion. And he considered whether the record as a whole was consistent with the opinion. Or she, I'm sorry, the ALJ. Okay. So Dr. Scogner, so that's, so Dr. Scogner opined in 2014, which was significantly, like a few years after the relevant period, that Mr. New had these disabling limitations and that they began before December 2010. Despite having an opportunity to explain his reasoning, Dr. Scogner provided no explanation, and instead he merely cited diagnoses of social anxiety, PTSD, and agoraphobia. But none of Dr. Scogner's notes from April 2008 through December 2010 mentioned these impairments or any of their signs and symptoms. The ALJ agreed with Dr. Scogner regarding the period beginning in 2012, that she was reasonable in giving little weight to his opinion that the limitations began before December 2010. Dr. Kahn, a medical expert, initially opined that Mr. New's impairments met the criteria of the listings in 2018, but over the course of her testimony she shifted the onset date to 2012 and then to before 2010. She provided evidentiary support for the 2012 date, and the ALJ found that portion of her opinion was entitled to great weight. But she provided no evidentiary support for the pre-2010 date. Instead, she made generalizations that were not tethered to any evidence, and she speculated that Mr. New was possibly disabled before that date. The ALJ was reasonable in finding that portion of Dr. Kahn's testimony unsupported, speculative, and inconsistent with the record. Dr. Bode and Ms. Myers also offered opinions regarding the relevant period, but they also failed to explain their reasoning. Because they did not even know Mr. New until 2014 and 2020, it is unclear how they were able to assess Mr. New's functioning from April 2008 through December 2010. The ALJ reasonably assigned little weight to that portion of their opinions. Contrary to Mr. New's allegations, the ALJ relied not on an absence of evidence, but on the contemporaneous evidence that did exist from the relevant period, which shows frequent visits to Dr. Skovner for physical complaints and none for mental impairments. These records provide substantial evidence in support of the ALJ's finding that Mr. New did not have severe mental impairments during the relevant period. The ALJ did find that Mr. New was disabled beginning in April 2012, a period for which there are copious mental health treatment records. Mr. New has failed to show that a reasonable fact finder would have to decide the April 2008 through December 2010 period differently. Therefore, the ALJ's decision is conclusive and should be affirmed. And if there are no other questions, I rest on my breath. Thank you, Ms. Gandhi. Mr. Dow, you have two minutes in rebuttal. Okay, thank you. The commissioner in the ALJ says that Dr. Curran speculated about the onset of disability while she's an expert and she's allowed to speculate. That's the reason she's there. In fact, if you think about it, everybody is speculating. The agency physicians are speculating. The only one that wouldn't be speculating is Dr. Skovner because he was treating Mr. New during that time period and had been treating him since he was a child. The commissioner mentions that Mr. New worked. Well, he did, but his work was also below substantial gainful activity. And Dr. Curran found that Mr. New was disabled going back to 2008. And the ALJ wrote that in her decision. And the ALJ also recognized that Dr. Curran testified that even in the absence of drug and alcohol, he would have been disabled, the limitations improving from extreme to marked. And, again, going back to Wagner, in the Wagner court, they said that if the ALJ wanted to refute the testimony of the treating physicians, they should have got a medical expert to refute that decision. And that's what the ALJ did here. She called the medical expert. Only the medical expert did not refute the opinion. She confirmed it. And based on that and the other arguments in my brief, I believe that Mr. New should be found disabled prior to his date last insured. And I think this case should be remanded for benefits. All right. Thank you very much. Thank you, both of you. We'll reserve decision and have a good day. Okay.